FILED
99 MAY -4 AM 9:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE A. WINKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   CV 99-J-696-S |
| | ) | |
| INDEPENDENT FIRE INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
MAY 0 4 1999

## MEMORANDUM OPINION

This action is before the court on Plaintiff's motion to remand (doc. 3). Defendants Independent Property and Casualty Insurance Company and Independent Fire Insurance Company ("the insurance Defendants") filed an opposition to said motion (doc. 4), and Plaintiff filed a response to said opposition (doc. 5).

The insurance Defendants removed this case from the Circuit Court of Jefferson County, Alabama on the basis of diversity jurisdiction.[1] *See* 28 U.S.C. §§ 1332. In order for this court to maintain diversity jurisdiction over this cause, the parties must be completely diverse and the amount in controversy must exceed $75,000. *See* 28 U.S.C.

---

[1] Ernesto Rollins, the alleged fraudulently joined Defendant, did not join in the notice of removal. Ordinarily, all Defendants are required to join in a notice of removal in order for the District Court to assert jurisdiction. In cases alleging fraudulent joinder, however, some courts have held that the allegedly fraudulent Defendant need not join in the notice of removal. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812 (5th Cir.1993), *cert. denied* 510 U.S. 868, 114 S. Ct. 192 (1993); *Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738 (M.D. Fla. 1994). Without deciding this issue, this Court will treat this case as properly removed in order to address the substantive issues raised by the insurance Defendants' notice of removal (doc. 1) and Plaintiff's Motion to remand (doc. 3).

§§ 1332 and 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"); *see also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996). The parties do not dispute that the jurisdictional amount is met in this case. The only jurisdictional controversy revolves around the allegedly fraudulent joinder of Ernest Rollins as a Defendant. Both Plaintiff and Defendant Rollins are Alabama residents. If Defendant Rollins is a proper party to this action, there is not complete diversity and this court has no jurisdiction over this cause. If Defendant Rollins was made a party only for purposes of destroying complete diversity (*i.e.*, was fraudulently joined), then this court would retain jurisdiction.

The law in the Eleventh Circuit regarding fraudulent joinder is clear. The burden is on the Defendants of showing that the plaintiff has no possible cause of action under Alabama law based upon the allegations of the complaint. *Cabalceta v. Standard Fruit Company*, 883 F.2d 1553, 1562 (11th Cir. 1989). The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998). The Eleventh Circuit recently summarized the law of fraudulent joinder in *Triggs*:

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the

2

plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. In *Tapscott*, 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified -- *i.e.,* where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs* at 1287. "In the instant case, the parties do not suggest that there has been 'outright fraud in the plaintiff's pleading of jurisdictional facts,'" nor do they contend that a diverse defendant was joined with a non-diverse defendant with whom there was no "joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* Thus, the insurance Defendants must demonstrate that "there is ***no possibility*** that the plaintiff can prove a cause of action against the resident (non-diverse) defendant," Ernest Rollins. *Id.* (emphasis added).[2]

Plaintiff alleges claims of fraud, suppression and breach of contract. All of Plaintiff's claims arise out the same series of transactions or occurrences and share common questions of law and fact. *See* Fed. R. Civ. P. 20. Thus, Rollins need only be a proper party to one of these counts in order for his joinder to be proper.

---

[2] The court's determination of whether a defendant has been fraudulently joined must be made upon the plaintiff's pleadings at the time of removal. *Cabalceta*, 883 F.2d at 1561 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347, 349 (1939)). This court must resolve all questions of fact and controlling law in favor of the plaintiff. *Cabalceta*, 883 F.2d at 1561.

Defendants contend Plaintiff's fraud and suppression counts are time-barred and that the contract count does not implicate Defendant Rollins. To support their contention that the fraud and suppression counts are time-barred, Defendants point to ¶ 7 of the complaint in which "Plaintiff avers that in August of 1996, [Defendants'] ... new agent and/or a district manager ... came to Plaintiff's home and represented to her that Plaintiff's home was not insurable for the amounts requested...." Compliant at ¶ 7. However, Defendants ignore ¶ 13 of the complaint in which "Plaintiff avers that she did not learn that misrepresentations had been made to her until on or about December 12, 1998...." Complaint at ¶ 13. Defendants contend that the August 1996 date was the time at which the statute of limitations for fraud and/or suppression began to run. However, Plaintiff contends that Defendants' August 1996 representation that she was uninsurable for the requested amount was actually a continuation/ perpetuation of the fraud and/or suppression. Plaintiff's complaint clearly alleges that she did not learn of the misrepresentations until December 1998.

Taking the facts alleged in the complaint as true, Plaintiff's fraud and/or suppression claims are not time-barred.[3] Under the law of the Eleventh Circuit, "[P]laintiff need not have a winning case against [Defendant Rollins]; [s]he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs* at 1287 (emphasis added). Plaintiff has the possibility of stating a

---

[3] See note 2 *supra*.

4

valid cause of action against Defendant Rollins for fraud and/or suppression. Thus, Defendant Rollins was not fraudulently joined in this action.

Defendants having failed to show that Defendant Rollins was fraudulently joined as to the fraud and/or suppression claims, it is unnecessary for this Court to proceed with an analysis of the breach of contract claim.

In consideration of the foregoing;

It is therefore **ORDERED** that Plaintiff's motion to remand (doc. 3) be and hereby is **GRANTED**;

It is further **ORDERED** by the court that this case be and hereby is **REMANDED** to the Circuit Court of Jefferson County from which it was removed.

**DONE and ORDERED** this the ___3___ day of May, 1999.

_____
Inge P. Johnson
United States District Judge